UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**G**ERHARD **M**AYER AND **GEMA** T**RUST**,

    Plaintiff,

v.                                                                                        2:23-cv-1168-JES-NPM

**A**MERICAN **S**TRATEGIC **I**NSURANCE **C**ORP.,

    Defendant.

---

## ORDER

In this breach-of-insurance-contract case arising from property damage after Hurricane Ian, defendant American Strategic Insurance Corp. moves to compel complete disclosures. (Doc. 22). The Hurricane Scheduling Order ("HSO") sets out a variety of information and documents that the insured must automatically disclose to the insurer; the insurer does not need to request them. (Doc. 4). American Strategic asserts that plaintiffs Gerhard Mayer and GEMA Trust's automatic disclosures are incomplete. And in addition to asking the court to compel complete disclosures, American Strategic seeks additional time to complete discovery. (Doc. 22). Plaintiffs elected not to respond to the motion, so it is treated as unopposed. *See* M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Among other items, the HSO directs the insured to "identify" (a defined term in the HSO) all "public or other adjusters, estimators, inspectors, contractors, engineers, or other persons engaged by or on behalf of the Insured relating to the Claimed Loss." (Doc. 4 at 8-9). But Plaintiffs supplied nothing more than the name of their adjuster. (Doc. 22-1 at 5). This obviously falls short of the court's command.

Plaintiffs were also required to produce:

> all documents supporting or evidencing the Claimed Loss, including, without limitation: loss estimates from other insurers, any adjuster's reports, engineering reports, contractor's reports or estimates; photographs, claim log notes, and any other documents relating to repair work performed, planned, in progress, or completed as a result of Hurricane Ian, including contracts, bids, estimates, invoices, or work tickets; videos; or any other materials relating to the Claimed Loss, along with any receipts, invoices, and other records of actual costs to repair or replace the Claimed Loss.

(Doc. 4 at 9). But as for "contracts, bids, estimates, invoices, or work tickets," they produced nothing more than an estimate from a 2019 remodel project (even though the subject loss occurred in 2022). This appears almost entirely unresponsive. And American Strategic asserts that Plaintiffs have not produced any receipts, invoices, work tickets, or other documentation evidencing any repair costs related to Hurricane Ian.

The automatic discovery also required plaintiffs to produce all written communications and estimates of damages related to other insurance claims about the same event. (Doc. 4 at 10). This action concerns the insureds' flood-insurance claim. But they also pursued and settled a wind-insurance claim. For the wind-

insurance claim, however, they have only disclosed the policy and the payments. While the order does not require the production of any communications that the insureds may have had with their attorneys, it certainly requires the production of any communications that the insureds or their counsel had with the windstorm carrier—including the windstorm claim itself and any associated documents (proof of loss, etc.)—and any communications from the windstorm carrier, such as evaluations or estimates of the damages.

Accordingly, American Strategic's motion to compel (Doc. 22) is **granted**. By **September 3, 2024**, plaintiffs must fully cure the deficiencies discussed above. A case-management conference is currently set to take place on August 28. The court will therefore reserve for further discussion the issue of whether any sanctions may be appropriate. The court will also take up during the conference American Strategic's request to extend the previously imposed deadlines.

**ORDERED** on August 19, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge